JUDGE NATHAN





MORRISON + TENENBAUM PLLC
Lawrence Morrison
87 Walker Street, Floor 2
New York, NY 10013
Tel.: (212) 620-0938
Fax: (646) 390-5095
*Counsel to Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SANDRA ORDONEZ, on behalf of herself
and others similarly situated,

                Plaintiff,

v.

NEMISIO ORDONEZ d/b/a DYCKMAN
LIQUORS INC.,

                Defendant.

Case No.

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff, SANDRA ORDONEZ ("Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorney, hereby files the Complaint against Defendant, NEMESIO ORDONEZ d/b/a DYCKMAN LIQUORS INC. ("Defendant"), and states as follows:

### INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that she is entitled to recover from Defendant: (1) unpaid overtime, (2) unpaid minimum wages, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, she is entitled to recover from Defendant: (1) unpaid overtime, (2) unpaid minimum wages, (3) unpaid spread of hours premium, (4) liquidated damages and statutory penalties, (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over the controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, SANDRA ORDONEZ, is a resident of Westchester County, New York.

6. Upon information and belief, Defendant, NEMISIO ORDONEZ d/b/a DYCKMAN LIQUORS INC., is a domestic business corporation organized under the laws of New York, with a principal place of business located at 121 Dyckman Street, New York, New York, 10040.

7. NEMISIO ORDONEZ exercised control over the terms and conditions of Plaintiff's employment and those of similarly situated employees. With respect to Plaintiff and other similarly situated employees, he had the power to (i) fire and hire, (ii) determine rate and method of pay and (iii) otherwise affect the quality of employment.

8. At all relevant times, Defendant, NEMISIO ORDONEZ d/b/a/ DYCKMAN LIQUORS INC., was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

9. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendant.

10. At all relevant times, Defendant knowingly and willfully failed to pay Plaintiff her lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

11. At all relevant times, Defendant knowingly and willfully failed to pay Plaintiff her lawfully earned minimum wages in direct contravention of the FLSA and the New York Labor Law.

12. At all relevant times, Defendant knowingly and willfully failed to pay Plaintiff her lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

13. Plaintiff has fulfilled all conditions precedent to the institution of the action and/or such conditions have been waived.

## STATEMENT OF FACTS

14. In or about September 15, 2010 Plaintiff, SANDRA ORDONEZ, was hired by Defendant to work as a cashier for Defendant "Dyckman Liquors Inc.", a liquor store located at 121 Dyckman Street, New York, New York, 10040.

15. Plaintiff continues to work for Defendant.

16. During the employment of Plaintiff, SANDRA ORDONEZ, by Defendant, she worked over forty (40) hours per week. During SANDRA ORDONEZ'S employment by Defendant, she often worked over ten (10) hours per day.

17. On average, SANDRA ORDONEZ worked 6 days a week and for 10 hours per day. SANDRA ORDONEZ received her compensation on a fixed salary basis, at a rate of $41.66 per day.

18. Defendant knowingly and willfully operated its business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff and other similarly situated employees.

19. Defendant knowingly and willfully operated its business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff.

20. Defendant knowingly and willfully operated its business with a policy of not paying the New York State "spread of hours" premium to Plaintiff.

21. Defendant knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other similarly situated employees, in violation of the New York Labor Law. In fact, Plaintiff did not receive any wage statements during her period of employment with Defendant.

22. Defendant failed to provide proper wage statements to employees showing deductions, as required under New York State law.

23. Plaintiff retained Morrison Tenenbaum, PLLC to represent her and other employees similarly situated in the litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

24. Plaintiff realleges and reavers Paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25. At all relevant times, upon information and belief, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for

commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

26. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

27. Upon information and belief, at all relevant times, Defendant, NEMESIO ORDONEZ d/b/a DYCKMAN LIQUORS INC., had gross annual revenues in excess of $500,000.00

28. At all relevant times, Defendant had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for her hours worked in excess of forty hours per workweek.

29. Defendant failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

30. Plaintiff worked hours for which she was not paid the statutory minimum wage.

31. At all relevant times, Defendant had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for her hours worked.

32. Defendant failed to pay Plaintiff minimum wages in the lawful amount for her hours worked.

33. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff should be in the possession and custody of Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in the case and, if necessary, will then seek leave of Court to amend the Complaint to set forth the precise amount due.

34. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for her hours worked in excess of forty (40) hours per week when Defendant knew or should have known such was due.

35. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff minimum wages for hours worked when Defendant knew or should have known such was due.

36. Defendant failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

37. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

38. Due to the intentional, willful and unlawful acts of Defendant, Plaintiff suffered damages in an amount not presently of ascertainable of unpaid overtime wages and unpaid minimum wages, plus an equal amount as liquidated damages.

39. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**

40. Plaintiff realleges and reavers Paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41. At all relevant times, Plaintiff was employed by the Defendant within the meaning of the New York Labor Law, §§2 and 651.

42. Defendant willfully violated Plaintiffs rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

43. Defendant willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

44. Defendant willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each workday exceeding ten (10) or more hours.

45. Defendant knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other similarly situated employees, in violation of the New York Labor Law.

46. Defendant willfully violated Plaintiffs rights by paying her on a salary basis, in violation of the New York Labor Law because Plaintiff is a non-exempt employee who must not be paid on a salary basis.

47. Due to Defendant's New York Labor Law violations Plaintiff is entitled to recover from Defendant her unpaid overtime, unpaid minimum wages, unpaid "spread of hours" premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorney's fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff on behalf of herself and all similarly situated employees, respectfully requests that the Court grant the following relief:

    a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

    b.    An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

    c.    An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

    d.    An award of unpaid minimum wages under the FLSA and the New York Labor Law;

    e.    An award of unpaid "spread of hours" premium due under the New York Labor Law;

    f.    An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay overtime compensation and minimum wages pursuant to 29 U.S.C. § 216;

    g.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wages pursuant to the New York Labor Law;

    h.    An award of statutory penalties, and prejudgment and post judgment interest;

    i.    An award of costs and expenses of the action together with reasonable attorney's and expert fees; and

    j.    Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: New York, New York
       February 3, 2015

                          **MORRISON TENENBAUM PLLC**

                          By: _____
                          Lawrence Morrison
                          87 Walker Street, Floor 2
                          New York, New York  10013
                          Tel.: (212) 620-0938
                          Fax: (646)

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of:

NEMISIO ORDONEZ d/b/a DYCKMAN LIQUORS INC.

to pay me overtime wages as required under state and/or federal law and also authorizes the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conduct this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_Sandra Ordonez_  
Signature   Date:   02-10-2015

_Sandra B. Ordonez_  
Print Name